**17-cv-60530-CMA/O'Sullivan**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FILED BY _____ D.C.

MAR 1 4 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

ANDREW THOMPSON,
    Plaintiff,

-v-

CAPITAL ONE BANK (USA), N.A.,
    Defendant
_____/

## COMPLAINT

COMES NOW Plaintiff, Andrew Thompson, and sues Defendant, CAPITAL ONE BANK (USA), N.A., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like CAPITAL ONE BANK (USA), N.A. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings

presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Broward County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Broward County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, CAPITAL ONE BANK (USA), N.A., is a Corporation and National Association with a principal place of business located at 1680 Capital One Drive, McLean, VA 22102-3491 and which conducts business in the State of Florida.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. CAPITAL ONE BANK (USA), N.A. is a "creditor" as defined in Florida Statute §559.55(5)

16. CAPITAL ONE BANK (USA), N.A. called me, the Plaintiff on my cellular telephone approximately one hundred and twenty (120) times on or before August 3, 2015 through January 20, 2016, in an attempt to collect an alleged debt.

17. CAPITAL ONE BANK (USA), N.A. attempted to collect an alleged debt from me by this campaign of telephone calls.

18. Upon information and belief, all of the calls the Defendant made to my cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (754)***-3079, and was the called party and recipient of Defendant's calls.

20. Beginning on or about August 3, 2015, CAPITAL ONE BANK (USA), N.A. began bombarding my cellular telephone (754)***-0379 in an attempt to collect on an alleged credit card loan.

21. Defendant knowingly and/or willfully harassed and abused me on numerous occasions by calling my cellular telephone number nearly every day and sometimes up to two (2) times a day. Defendant's calls, which were conducted on or before August 3, 2015 through January 20, 2016, occurred with such frequency as can reasonably be expected to harass me, all in an effort to the collection of the subject account.

22. On about May, 6, 2015 is when I first requested Defendant to stop calling my cell phone by orally stating "Please do not call this cell phone number ((754)***-0379)". I also requested that Defendant only contact me "in writing" and not by phone. Several times after the May 6, 2015 oral revocation (Sept, 2015; Dec, 2015 and Jan, 2016), I attempted to answer Defendant's robo calls so that I could once again demand the

Defendant to stop calling my cell phone. However, when I answered the call, there were a few seconds of silence and then the call just disconnected.

23. Each of the auto dialer calls the Defendant made to my cellular telephone after May, 2016 were done so after I had revoked consent.

24. The auto dialer calls from Defendant came from the telephone number including but not limited to (800) 955-6600, and when that number is called a pre-recorded voice answers and identifies the company as "Capital One".

25. Despite my requests for the calls to stop, the Defendant continued to call me.

26. I received an estimated one hundred and twenty (120) calls from the Defendant between the time I initially revoked consent to be called in May 2015 and the time Defendant finally honored my request to stop calling my cell phone on or about January 20, 2016.

27. Despite me informing Defendant to stop calling, the Defendant still called me repeatedly, including but not limited to pre-recorded calls that I was able to log between August 3, 2015 and January 20, 2016.

28. CAPITAL ONE BANK (USA), N.A. has a corporate policy to use an automatic telephone dialing system and/or a pre-recorded or artificial voice to individuals just as it did to my cellular telephone in this case.

29. CAPITAL ONE BANK (USA), N.A. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to my cellular telephone in this case, with no way for the consumer, Plaintiff, or CAPITAL ONE BANK (USA), N.A., to remove the number.

30. CAPITAL ONE BANK (USA), N.A.'s corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to CAPITAL ONE BANK (USA), N.A. they wish for the calls to stop.

31. CAPITAL ONE BANK (USA), N.A. has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

32. CAPITAL ONE BANK (USA), N.A. has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite numerous requests to stop.

33. CAPITAL ONE BANK (USA), N.A. has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call those consumers.

34. CAPITAL ONE BANK (USA), N.A.'s corporate policy provided no means for me to have my number *timely* and immediately removed from Defendant's call list.

35. CAPITAL ONE BANK (USA), N.A. has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not wish to be called.

36. Not a single call placed by CAPITAL ONE BANK (USA), N.A. to me were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. Here, CAPITAL ONE BANK (USA), N.A. willfully and/or knowingly violated the TCPA with respect to Plaintiff's cell phone. This also impaired the usefulness of these features of my cellular phone, which are designed to inform the user of important missed communications.

38. From each and every call placed without consent by CAPITAL ONE BANK (USA), N.A. to my cell phone, I suffered the injury of invasion of privacy and the intrusion upon my right of seclusion.

39. From each and every call without express consent placed by CAPITAL ONE BANK (USA), N.A. to my cell phone, I suffered the injury of occupation of my cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from CAPITAL ONE BANK (USA), N.A.'s calls.

40. From each and every call placed without express consent by CAPITAL ONE BANK (USA), N.A. to my cell phone, I suffered the injury of unnecessary expenditure of my time. For the calls I answered (or tried to answer), the time I spent on the call was unnecessary as I repeatedly asked for the calls to stop. Even for unanswered calls, I had to waste time to unlock my phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of my cellular phone, which are designed to inform the user of important missed communications.

41. Each and every call placed without express consent by CAPITAL ONE BANK (USA), N.A. to my cell phone was an injury in the form of a nuisance and annoyance to me. For calls that were answered, I had to go to the unnecessary trouble of answering them. Even for unanswered calls, I had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls.

42. Each and every call placed without express consent by CAPITAL ONE BANK (USA), N.A. to my cell phone resulted in the injury of unnecessary expenditure of my cell phone's battery power.

43. Each and every call placed without express consent by CAPITAL ONE BANK (USA), N.A. to my cell phone where a voice message was left which occupied space in my phone and/or network.

44. Each and every call placed without express consent by CAPITAL ONE BANK (USA), N.A. to my cell phone resulted in the injury of a trespass to my chattel, namely my cellular phone and my cellular phone services.

45. As a result of the answered and unanswered calls described above, I suffered an invasion of privacy. I was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress, and aggravation. Due to both answered and unanswered calls, I suffered the expenditure of my time, exhaustion of my cellular telephone battery, unavailability of my cellular telephone while ringing, waste of my time, causing the risk of personal injury due to distraction, and trespass upon my chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect an alleged debt from me through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

46. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein.

47. CAPITAL ONE BANK (USA), N.A. willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified CAPITAL ONE BANK (USA), N.A. that he wished for the calls to stop.

48. CAPITAL ONE BANK (USA), N.A. repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE BANK (USA), N.A. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

49. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-five (45) as if fully set forth herein

51. CAPITAL ONE BANK (USA), N.A. has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

50. At all times relevant to this action CAPITAL ONE BANK (USA), N.A. is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

52. CAPITAL ONE BANK (USA), N.A. has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

53. CAPITAL ONE BANK (USA), N.A.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against CAPITAL ONE BANK (USA), N.A. for statutory damages, punitive damages, actual damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____, March \_\_\_\_, 2017
Andrew Thompson
2798 NW 20th Street
Fort Lauderdale, Florida 33311

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

57